UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVE CAMPBELL,

    Plaintiff,

vs.

FOURSIGHT CAPITAL, LLC, *et al.*,

    Defendants.

Case No. 3:25-cv-22

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT FOURSIGHT CAPITAL, LLC'S MOTION TO DISMISS WITH PREJUDICE (Doc. No. 17); (2) DENYING PLAINTIFF'S MOTIONS TO AMEND HIS COMPLAINT (Doc. Nos. 6, 10); (3) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS WITH PREJUDICE; (4) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (Doc. No. 2); (5) DENYING AS MOOT ALL REMAINING MOTIONS (Doc. Nos. 7, 9, 20, 21, 26, 27, 29, 30, 33, 34); AND (6) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Dave Campbell, a resident of Dayton, Ohio, brings this civil case *pro se*[1] concerning his purchase of a 2024 Nissan Rogue. In a complaint that bears the hallmarks of the "sovereign citizen" movement, he claims to have paid Defendants all he owes for this vehicle by using what he refers to as a "Bill of Exchange." Doc. No. 1 at PageID 4-7. Defendant Foursight Capital LLC ("Foursight"), located in West Valley City, Utah, is the assignee of the Retail Sales Installment Contract Campbell signed for the Nissan Rogue. *Id*. at PageID 2; Doc. No. 1-1 at

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

PageID 17.  Campbell also names Andy Williams as a defendant and identifies him as Foursight's Chief Financial Officer ("CFO").  Doc. No. 1 at PageID 2.

This case, premised on diversity jurisdiction, is before the Court on Foursight's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. No. 17.  In addition to this motion, the Court has considered Campbell's opposition memorandum (Doc. No. 20) and Foursight's reply (Doc. No. 22).  Campbell has also filed a motion for a preliminary injunction (Doc. No. 2), two motions to amend his complaint (Doc. Nos. 6, 10), various additional motions (Doc. Nos. 7, 9, 20, 21, 26, 27, 29, 30, 33, 34), and other documents.  The Court has reviewed the entire record in the light most favorable to Campbell.  *See supra* note 1.  The motions are ripe for review.

## I.

The following facts are taken from Campbell's complaint and the documents attached thereto.[2]

In the Retail Sales Installment Contract ("the Contract") Campbell executed to buy the 2024 Nissan Rogue, he agreed to pay a total of $99,954.08 (including the vehicle price and financing charges).  Doc. No. 1-1 at PageID 13, 17.  The Contract obligated Campbell to pay $1,370.89 per month for 72 months.  *Id*.  Also, according to the Contract terms, the Nissan Rogue is collateral for securing Campbell's payment.  *Id.* at PageID 13 ("You are giving a security interest in the vehicle being purchased").  The Contract also explains that if Campbell fails to make payments, Foursight "may take (repossess) the vehicle from [Campbell.]"  *Id.* at PageID 15, § 3(c).

---

[2] "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Accordingly, the Court reviews the instant motion under Rule 12, and not as a summary judgment motion under Rule 56.  *Cf.* Fed. R. Civ. P. 12(d).

2

Finally, the Contract mandates any modification to it be made in writing and signed by Foursight. *Id.* at PageID 17.

Campbell alleges, "payment instructions [were] also submitted with the contract[.]" Doc. No. 1 at PageID 4.  Campbell wrote these "payment instructions" to explain his view that "performance on the said contract would be … a [B]ill of Exchange, using the security collateral to set off the principal's balance[.]" Doc. No. 1 at PageID 4.  The document on which Campbell relies states, "I David R. Campbell sr-AGENT to the PRINCIPAL do hereby Reserve my rights to change/modify any contractual agreement signed by DAVID R CAMPBELL SR-PRINCIPAL." Doc. 1-2 at PageID 18 (capitalization in original).  This document further provides, "The principal will perform on the contract via The Bill of EXCHANGE/INTEREST CHECKS CREATED BY SAID ACCOUNT AS PAYMENT OR PERFORMANCE."  *Id.* (capitalization in original). Foursight did not sign this document. *Id.*  Campbell further alleges he sent a notice to Foursight's CFO in which he revoked his contractual promises, and he asserts he made sufficient payments on the Contract through a Bill of Exchange.  Doc. No. 1 at PageID 4; Doc. No. 1-4 at PageID 21.

Foursight declined to accept Campbell's Bill of Exchange as tender on the car loan and sent him notices that he was late on the payments the Contract obligated him to make.  Doc. No. 1 at PageID 4-5; Doc. No. 1-7 at PageID 39.  In response, Campbell filed this lawsuit alleging Foursight breached the contract and seeking monetary damages and an injunction, in part, precluding Defendants from repossessing the Nissan Rogue.  Doc. No. 1 at PageID 7, 11.  Campbell also filed documents he sent to, or received from, the Consumer Financial Protection Bureau, which the Court has reviewed and fully considered.  *See* Doc. Nos. 4, 10; *see infra*, § IV(D).

## II.

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" *Newell v. Foley*, No. 22-3912, 2023 WL 7286996, at *1 (6th Cir. June 8, 2023) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation modified) (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met,

the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

### III.

#### A. Campbell's Claims Against Foursight

Foursight contends that Campbell's breach of contract claim is implausible because he attempted to pay for the Nissan Rogue with a fictitious financial instrument—a Bill of Exchange. Doc. No. 17 at PageID 130.

Campbell maintains that when entering into the parties' consumer credit transaction, he endorsed a promissory note without record, thus disclaiming responsibility for non-payment. Doc. No. 20 at Page ID 138. He maintains that the Contract is a promissory note, not a contract. He argues, "If tender of an obligation to pay an instrument is made to a person entitled to enforce the instrument, and the tender is refused, there is discharge." *Id.* at 140. He thus reasons Foursight ineffectively or incorrectly refused to accept his Bill of Exchange as payment for the Nissan Rogue. *Id.* at PageID 140-41. In support of his contentions, Campbell relies on the Federal Reserve Act; the Bill of Exchange Act of 1882; the Cestui que Vie Act 1666; the Truth in Lending Act; Ohio's Uniform Commercial Code; and many federal statutes. Doc. No. 20 at PageID 138-43.

To state a claim for breach-of-contract under Ohio law, a plaintiff must sufficiently allege "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Berrylane Trading, Inc. v. Transp. Ins. Co.*, 754 Fed. App'x 370, 374 (6th Cir. 2018). Accepting Campbell's factual allegations as true and liberally construing his *pro se* complaint in his favor reveals no plausible breach of contract claim.

Accepting Campbell's allegations as true and liberally construing his complaint in his favor, he entered into a valid retail installment contract to purchase the Nissan Rogue. *See* Doc. No. 1-1. Yet there is no indication in the record that he either fully performed his payment obligation under the Contract or properly modified the Contract to eliminate his duty to pay— namely, by obtaining Foursight's signature on a valid contractual amendment. *Id.* at PageID 17. Instead, he unilaterally signed the documents attached to his complaint and Foursight did not sign them. *See* Doc. No. 1-1 at PageID 17; *see, e.g.*, Doc. No. 1-1, 1-3, 1-4, 1-8, 1-14. Additionally, his characterization of the Contract as a promissory note and his reliance on his Bill of Exchange to satisfy his payment obligations under the Contract lack merit. *See McGee v. Nissan Motor Acceptance Corp.*, 619 Fed. App'x 555, 555 (6th Cir. 2015) ("[The plaintiff's] bill of exchange mimics those consistently rejected by other courts as worthless."); *see also Moorer v. U.S. Nat'l Bank*, No. 1:23CV1757, 2023 WL 8257854, at *3 (N.D. Ohio Nov. 29, 2023) ("Payment in the form of a promissory note or a 1099a tax form did not comply with the terms of the actual signed contract"); *Kennebrew v. PNC Bank*, No. 1:25-CV-13, 2025 WL 801169, at *2 (E.D. Tenn. Mar. 13, 2025) ("Plaintiff's claim is the opposite of good faith. Her belief that she can erase debt with the Bill of Exchange—a 'worthless piece of paper'—is total nonsense."); *Bryant v. Washington Mut. Bank*, 524 F.Supp.2d 753, 760 (W.D. Va. 2007) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail").

Further, Campbell's contentions are reminiscent of those brought by self-declared "sovereign citizens," attempting to avoid their financial obligations. Courts have repeatedly rejected such arguments. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts ... have summarily rejected [sovereign citizens'] legal theories as frivolous"); *McCormack v. Hollenbach*, No. 3:18-cv-P617, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29,

2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources") (internal quotation marks and citation omitted). Courts "describ[e] them as 'frivolous, irrational [and] unintelligible[.]'" *Alexio*, 2015 WL 4069160, at *2 (quoting *United States v. Ornelas*, No. 05-0321-WS-C, 2010 WL 4663385, at *1 (S.D. Ala. Nov. 9, 2010)).

Accordingly, for the foregoing reasons, the Court finds Campbell fails to state a plausible claim against Foursight. Campbell's complaint is **DISMISSED WITH PREJUDICE** with respect to Defendant Foursight.

### B. Named Defendant CFO Williams

Campbell has not provided evidence he effected service of his complaint or summons on CFO Williams. Instead, the record contains a copy of what purports to be a certified-mail receipt directed to Foursight's corporate office in Utah signed by an unknown person. Doc. No. 6; *see* Doc. No. 10. It is unclear whether the certified-mail receipt relates to Campbell's complaint or one of the other documents he sent. As such, Campbell has not established he effected service of a summons or his complaint on CFO Williams. *See* Fed. R. Civ. P. 4(m); *id.* at 4(e) (requiring service on an individual to be by personal service, substitute service, service to an authorized agent, or any other method allowed by the law of the state where the action is pending or where the individual is served).

Setting aside these service issues, the Contract is between Campbell and assignee Foursight—not Campbell and CFO Williams. Doc. No. 1-1 at PageID 13-17. Additionally, Campbell has not pled plausible, or any, facts indicating CFO Williams, himself, engaged in any actionable conduct. *See* Doc. No. 1 at PageID 4-7. Because Campbell has not stated a plausible a claim against CFO Williams, Campbell's complaint against Williams is **DISMISSED WITH PREJUDICE**.

### C. Campbell's Motion for Preliminary Injunctive Relief

Campbell seeks a preliminary injunction that would prohibit Defendants from engaging in "further collection activities until the disposition of this case" and require Foursight to "accept the bill of exchange as performance." Doc. No. 2 at PageID 53.

To determine whether to issue a preliminary injunction, the Court must balance four factors: "(1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019) (citing *Benisek v. Lamone*, --- U.S. ---, 138 S. Ct. 1942, 1943-44 (2018) (per curiam)). Sixth Circuit precedent dictates that "[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Commonwealth v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020) (citation omitted). "Because a preliminary injunction is an extraordinary equitable remedy that is never awarded as of right, the plaintiff must make a clear showing that these factors favor him." *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. 2025) (citation modified) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024)).

As determined previously, Campbell's complaint and allegations do not raise a plausible claim against Foursight. *Supra*, § III(A). Consequently, he cannot demonstrate he is likely to succeed on the merits of his claims. Nor has he established he will suffer irreparable harm absent preliminary injunctive relief. *See EOG Resources*, 134 F.4th at 884 ("'Irreparable' means 'not fully compensable by monetary damages'").

Accordingly, Campbell's motion for a preliminary injunction is **DENIED**.

### D. Campbell's Motions To Amend His Complaint

Campbell has filed a first and second motion to amend his complaint. Doc. Nos. 6, 10.

Rather than attach a proposed amended complaint or describe a new claim or allegation he seeks to raise in an amended complaint, Campbell has attached documents he would like the Court to consider, including, in part, communications to and from the Consumer Financial Protection Bureau. *E.g.*, Doc. No. 10-3 at PageID 81-83; Doc. No. 10-5 at PageID 87-92. The Court has reviewed and considered all of these documents. Although leave to amend a complaint "shall be freely given when justice so requires[,]" Fed. R. Civ. P. 15(a), Campbell's motions and attached documents do not provide a basis for asserting a plausible claim for relief against Foursight or CFO Williams. Consequently, Campbell's motions to amend are **DENIED**. *See Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986))).

## IV.

For the reasons stated above, Foursight's motion to dismiss is **GRANTED**, and Campbell's motions to amend his complaint are **DENIED**. Campbell's claims against Foursight and Williams are **DISMISSED WITH PREJUDICE**, and Campbell's motion for a preliminary injunction is **DENIED**. All remaining motions are **DENIED AS MOOT**, and this case is **TERMINATED** on the docket.

Lastly, Plaintiff paid the filing fee and has not proceeded *in forma pauperis* in this Court. Doc. No. 4. In the event he seeks to proceed *in forma pauperis* on appeal, the Court, pursuant to 28 U.S.C. § 1915(a)(3), hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by Plaintiff would be frivolous and not taken in good faith. This case is also not particularly complex, and Plaintiff is sufficiently capable of representing himself. *See Lavado*

*v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Consequently, Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.

  **IT IS SO ORDERED.**

July 31, 2025                 s/*Michael J. Newman*
                          Hon. Michael J. Newman
                          United States District Judge